IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-cr-20043-JPM-tmp |
| | ) | |
| AUSTIN LINEBACK, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the court is defendant Austin Lineback's Motion to Suppress.[1] (ECF No. 27.) For the reasons below, it is recommended that the motion be denied.

**I.    PROPOSED FINDINGS OF FACT**

The following proposed findings of fact are based on the undisputed facts set forth in the parties' briefs and within the relevant search warrants submitted by the parties.

On January 30, 2023, Detective Tonia Bruno of the Tipton County Sheriff's Office applied for and received a search warrant to search defendant Lineback's residence for evidence of suspected violations of Tennessee Code Annotated §§ 39-17-1003 and 39-13-

---

[1]The motion was referred to the undersigned for report and recommendation on April 25, 2024. (ECF No. 29.)

528.[2] (ECF No. 27-1 at PageID 51.) Section 39-17-1003 makes it "unlawful for any person to knowingly possess material that includes a minor engaged in: (1) [s]exual activity; or (2) [s]imulated sexual activity that is patently offensive." Tenn. Code. Ann. § 39-17-1003(a) (2024). Section 39-13-528 provides that:

> It is an offense for a person eighteen (18) years of age or older, by means of oral, written or electronic communication, electronic mail or internet services, directly or through another, to intentionally command, request, hire, persuade, invite or attempt to induce a person whom the person making the solicitation knows, or should know, is less than eighteen (18) years of age, or solicits a law enforcement officer posing as a minor, and whom the person making the solicitation reasonably believes to be less than eighteen (18) years of age, to engage in conduct that, if completed, would constitute a violation by the soliciting adult of one (1) or more of the following offenses:
>
>     (1) Rape of a child, pursuant to § 39-13-522;
>
>     (2) Aggravated rape, pursuant to § 39-13-502;
>
>     (3) Rape, pursuant to § 39-13-503;
>
>     (4) Aggravated sexual battery, pursuant to § 39-13-504;
>
>     (5) Sexual battery by an authority figure, pursuant to § 39-13-527;
>
>     (6) Sexual battery, pursuant to § 39-13-505;
>
>     (7) Statutory rape, pursuant to § 39-13-506;

---

[2] On several occasions, Detective Bruno referred to the crime of "Sexual Exploitation of a Minor" but incorrectly listed T.C.A. § 39-13-1003, the crime of aggravated burglary. (ECF No. 27-1 at PageID 51-54.)

> (8) Especially aggravated sexual exploitation of a minor, pursuant to § 39-17-1005;
>
> (9) Sexual activity involving a minor, pursuant to § 39-13-529;
>
> (10) Trafficking for commercial sex acts, pursuant to § 39-13-309;
>
> (11) Patronizing prostitution, pursuant to § 39-13-514;
>
> (12) Promoting prostitution, pursuant to § 39-13-515; or
>
> (13) Aggravated sexual exploitation of a minor, pursuant to § 39-17-1004.

Id. § 39-13-528(a). Detective Bruno sought:

> any and all devices capable of creating and/or storing digital media to examine and retrieve such records, books, pictures, text messages, call log (incoming and outgoing), locations, maps, address book, contacts, electronic mail (email), applications (apps) or documents adapted and used for posting, sending, or transmitting data in violation of [those statutes].

(ECF No. 27-1 at PageID 51.)

Detective Bruno submitted the following affidavit to support her belief that probable cause existed:

> On 01/09/2022 at approximately 1400 hrs, Detective Tonia Bruno met with Crystal York and her 17 year old juvenile son [REDACTED] regarding a solicitation and sexual exploitation of a minor complaint. [REDACTED] stated he met an adult male, who identified himself as [REDACTED] while working at Naifeh's in Covington, TN (951 Hwy 51 S) and they exchanged phone numbers. [REDACTED] stated he thought of the adult male as a regular customer and he found his magic interesting and thought he was going to send him photos of deer on his property. [REDACTED] stated the adult male sent him 3 photos of a young woman dressed in short shirts and panty hose with his face super imposed on the body. A quote attached stated, "Now

>    you know how cute you look." [REDACTED] also advised the
>    adult male invited him to his residence to be his
>    partner, and assist with his work, and continue his work
>    if he dies. [REDACTED] also advised the adult also made
>    2 Tik Toks and 1 YouTube video using photographs of him.
>    Detective Bruno was able to identify the adult male as
>    Austin Eugene Lineback, a violent Sex Offender, Offender
>    ID # 00337330, who was convicted of Statutory Rape and
>    Especially Aggravated Sexual Exploitation of a Minor in
>    September of 2000.

(<u>Id.</u> at PageID 54) (redactions original to version provided to court.) Detective Bruno corrected the date on the signature line, crossing out "2022" and writing "2023." (<u>Id.</u>) However, the affidavit's reference to "01/09/2022" remained unchanged. (<u>Id.</u>)

On January 31, 2023, the Tipton County Sheriff's Office executed the warrant, seizing several laptops, cell phones, tablets, cameras, computer equipment, and storage media, along with other physical evidence. (ECF Nos. 27-3 at PageID 59, 34-3 at PageID 90-93.) Following the search, Lineback signed an Admonition and Waiver of Rights Form before giving a statement to law enforcement. (ECF No. 27-2 at PageID 56-57.)

On February 1, 2023, Detective Bruno subsequently applied for and received a second warrant to review the contents of the seized electronic materials. (ECF No. 27-3 at PageID 59-61.) Detective Bruno included the same recitation of facts as in the first affidavit to establish probable cause, but she corrected the date of the conversation with the complainants, crossing out "2022" and

writing "2023" so that the date read "01/09/2023." (Id. at PageID 60.) Detective Bruno also added that "[o]n 01/31/2023 at approximately 1053 [hours], Detectives from the Criminal Investigations [Unit] of the Tipton County Sheriff's Office executed a residential search warrant at 908 Walton Loop. Detectives recovered multiple cellular devices, multiple laptops, and other electronic storage equipment; as well as, hard copies of child sexual abuse material." (Id.)

On March 7, 2024, a grand jury indicted Lineback for possessing and attempting to possess material that contained images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (ECF No. 1.) Lineback filed this motion on April 24, 2024, seeking to suppress all evidence seized pursuant to the search warrants in violation of his Fourth Amendment rights. (ECF No. 27.) Lineback contends that the first warrant was not supported by probable cause and that the good faith exception announced in United States v. Leon, 468 U.S. 897 (1984), does not apply.[3] (Id.) The government filed its response in opposition to the motion on June 4, 2024. (ECF No. 34.) After the parties were granted

---

[3] At the September 11 motion hearing, Lineback clarified that he was challenging probable cause for only the first warrant, and that the evidence seized under the second warrant as well as his statement should be excluded as fruit of the poisonous tree. (ECF No. 45); see Wong Sun v. United States, 371 U.S. 471 (1963).

continuances, the undersigned conducted a hearing on Lineback's motion on September 11, 2024. (ECF No. 45.)

Following the hearing, the undersigned ordered the parties to file supplemental briefing regarding the date of the conversation between Detective Bruno and the complainants. (ECF No. 51.) Neither party had addressed that the date listed in the first affidavit - "01/09/2022" - was ostensibly over a year before Detective Bruno presented the application for the first search warrant to the judicial officer. (Id.) Lineback submitted his supplemental brief on October 18, 2024, arguing that the information contained within the affidavit was stale. (ECF No. 52.) The government responded in opposition on October 24, 2024, arguing that the date was a drafting mistake, and that even if it was not, that the information was not stale under Sixth Circuit precedent. (ECF No. 53.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Probable Cause

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "[T]he test for probable cause is not reducible to 'precise definition or qualification.'" United States v. Kinison, 710 F.3d 678, 682 (6th Cir. 2013) (quoting Florida v. Harris, 568 U.S. 237, 243 (2013)).

The reviewing court must "'look[] to the totality of the circumstances' to determine 'whether the [government] has met this practical and common-sensical standard.'" Id. (quoting Harris, 568 U.S. at 244).

"To establish probable cause for a search warrant, 'an affidavit must contain facts that indicate a fair probability that evidence of a crime will be located on the premises of the proposed search.'" United States v. Lewis, 81 F.4th 640, 646 (6th Cir. 2023) (quoting United States v. Abboud, 438 F.3d 554, 572 (6th Cir. 2006)). "In reviewing a magistrate's decision to issue a warrant, the Court must accord the magistrate's determination 'great deference.'" United States v. Brooks, 594 F.3d 488, 492 (6th Cir. 2010) (quoting United States v. Allen, 211 F.3d 970, 973 (6th Cir. 2000) (en banc)). Review is limited "to the four corners of the affidavit," id., and an "affidavit is judged on the adequacy of what it does contain, not on what it lacks," Allen, 211 F.3d at 975.

In his motion, Lineback argues that Detective Bruno's first search warrant lacked probable cause to search his residence and seize his electronic devices. (ECF No. 27 at PageID 46.) Lineback acknowledges that "the behavior described in the affidavit[] is odd," but contends that the affidavit's description of the manipulated images contains "no indication" that the photos were pornographic; that the statements about the TikTok and YouTube

- 7 -

videos were "innocuous"; and that Lineback's invitation to the minor to visit his house and assist with his work "is benign." (Id.) The affidavit, according to Lineback, thus fails to "provide the essential nexus between [the] behavior [described] and the crimes being investigated." (Id.) In his supplemental brief, Lineback further argues that the information contained within the warrant was stale, citing a case from the Court of Appeals of Maryland in support, Greenstreet v. State, 392 Md. 652 (2006). (ECF No. 52.)

In response, the government highlights the affidavit's reference to the complaint against Lineback and identification of Lineback as a violent sex offender. (ECF No. 34 at PageID 78.) It argues that the manipulated images and Lineback's use of the minor's image in his TikTok and YouTube videos provided probable cause for a violation of § 39-17-1005 of the Tennessee Code[4] and that the invitation to his house is sufficient to establish probable cause for a violation of § 39-13-528. (Id.) The government also argues that the date listed in Detective Bruno's first affidavit was an inadvertent drafting mistake, and thus not

---

[4]Detective Bruno's first affidavit listed § 39-17-1003 as the suspected offense, but her second affidavit changed the offense to § 39-17-1005, especially aggravated sexual exploitation of a minor. (ECF Nos. 27-1 at PageID 54, 27-3 at PageID 61.) For purposes of deciding this motion, the distinction between these two statutes is immaterial.

violative of the Fourth Amendment. (ECF No. 53 at PageID 143.) Alternatively, the government argues that the information is not stale under Sixth Circuit precedent. (Id. at PageID 144.) The undersigned disagrees and submits that the affidavit lacked sufficient facts to establish probable cause for the named offenses.[5]

Detective Bruno's description of the manipulated images and the TikTok and YouTube videos are not sufficiently indicative of child sexual exploitation materials to support probable cause. The description of the images - superimposing a minor boy's face on images of a young woman wearing short shirts and panty hose and stating "[n]ow you know how cute you look" – is not suggestive of child pornography, nor does it provide a fair probability that child pornography would be located inside Lineback's residence. Cf. United States v. Meeks, 290 F. App'x 896, 902-03 (6th Cir. 2008) (concluding that descriptions of images in the affidavit established probable cause because they were "suggestive of child pornography," in part because they depicted poses "one would [not] expect a young girl to be in"). Moreover, the only details about the TikTok and YouTube videos were that they included photos of

---

[5]As discussed later, the undersigned finds that the discrepancy in the dates does not render the warrant stale. Because the undersigned finds that the warrant otherwise lacks sufficient factual allegations to support probable cause, the staleness of the information is addressed below in the discussion of good faith under Leon.

the minor. Even in the context of Lineback's invitation to the minor to come to his residence, Detective Bruno's facts do not suggest that Lineback possessed child sexual abuse materials in his home or that he had solicited the minor to engage in a sexual offense. To be sure, Lineback's status as a sex offender is relevant. See United States v. Sullivan, 751 F. App'x 799, 803 (6th Cir. 2018) (concluding that the affidavit supported probable cause in part where the defendant was a convicted sex offender); United States v. Wagers, 452 F.3d 534, 541 (6th Cir. 2006) (explaining that defendant's earlier conviction for child pornography was relevant in the probable cause determination); United States v. LaBelle, No. 07-CR-20608, 2008 WL 3834120, at *5-6 (E.D. Mich. Aug. 13, 2008) (finding that defendant's prior criminal history as a sex offender supported probable cause). However, that fact without more details indicating Lineback possessed child pornography is insufficient to support probable cause. See United States v. Walling, No. 1:16-cr-250, 2017 WL 1313898, at *5 (W.D. Mich. April 10, 2017)(explaining that reference to the defendant's "prior convictions for criminal sexual conduct and possession of child sexually abusive materials" in conjunction with his "demonstrated sexual interest in children," without more, was insufficient to support probable cause); see also United States v. Hodson, 543 F.3d 286, 293 (6th Cir. 2008) ("[S]tanding alone, a high incidence of child

molestation by persons convicted of child pornography crimes may not demonstrate that a child molester is likely to possess child pornography." (quoting United States v. Adkins, 169 F. App'x 961, 967 (6th Cir. 2006)).

Based on the totality of the circumstances, the undersigned finds that the search warrant was not supported by probable cause. Nonetheless, for the reasons below, exclusion is not warranted.

**B.   Leon Good Faith**

Evidence obtained in violation of the Fourth Amendment is generally excluded. Lewis, 81 F.4th at 647. However, in United States v. Leon, the Supreme Court recognized that exclusion is not appropriate where "evidence [is] seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." 468 U.S. at 905. "Following Leon, courts presented with a motion to suppress claiming a lack of probable cause must ask 'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's decision.'" United States v. White, 874 F.3d 490, 496 (6th Cir. 2017) (quoting Hodson, 543 F.3d at 293). "Only when the answer is 'yes' is suppression appropriate." Id. In applying Leon, there are four scenarios where law enforcement lacks reasonable grounds to believe a warrant is valid:

> (1) where the issuing magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his

>reckless disregard for the truth; (2) where the issuing magistrate wholly abandoned his judicial role and failed to act in a neutral and detached fashion, serving merely as a rubber stamp for the police; (3) where the affidavit was nothing more than a "bare bones" affidavit that did not provide the magistrate with a substantial basis for determining the existence of probable cause, or where the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the officer's reliance on the warrant was not in good faith or objectively reasonable, such as where the warrant is facially deficient.

Lewis, 81 F.4th at 647 (quoting United States v. Rice, 478 F.3d 704, 712 (6th Cir. 2007)).

The parties agree on the focus of the Leon analysis applicable to the instant case: whether the affidavit was bare bones.[6] "[A] 'bare bones' affidavit is similar to, if not the same as, a conclusory affidavit." United States v. Christian, 925 F.3d 305, 313 (6th Cir. 2019)(en banc). It "merely 'states suspicions, or conclusions, without providing factual circumstances regarding veracity, reliability, and basis of knowledge.'" Id. at 312 (quoting United States v. Washington, 163 F.3d 236, 341 n.4 (6th

---

[6]Though neither party addresses the first Leon exception – whether Detective Bruno knew the date for her conversation listed in the affidavit (January 9, 2022) was false – the undersigned finds that Detective Bruno's reference to 2022 was inadvertent and not for the purpose of misleading the judicial officer because it would tend to cut against probable cause. The facts indicate that the reference was an editing oversight, evidenced by Detective Bruno's correcting the date of the signature on the first affidavit to 2023, (ECF No. 27-1 at PageID 54), and her subsequently correcting the year to 2023 on the second affidavit, (ECF No. 27-3 at PageID 60.)

Cir. 2004)). This standard is a "low requirement," and "[a]n affidavit need only present '*some* connection, regardless of how remote it may have been.'" Id. at 313 (quoting White, 874 F.3d at 497) (emphasis in original). An affidavit will pass muster so long as it contains some specific details beyond the affiant's conclusory statements. Cf. Lewis, 81 F.4th at 651 ("A search-warrant affidavit that states only the affiant's conclusory belief that a suspect committed a crime is a bare-bones affidavit that cannot establish probable cause to search and that precludes application of the good-faith exception to the exclusionary rule."); see also United States v. Wagner, No. 4:13-cr-32, 2015 WL 3627007, at *10 (E.D. Tenn. June 9, 2015) (concluding that an affidavit, while insufficient to establish probable cause, was not bare bones because it "contained some specific details" about alleged images of child pornography).

While Detective Bruno's affidavit is sparse, the undersigned finds that it surpasses the bare bones standard. Detective Bruno provided specific details underlying her belief of probable cause. She provided that she had spoken with the complainant mother and her minor son; that Lineback had sent the minor manipulated photographs (which Detective Bruno described in the affidavit) with the message "[n]ow you know how cute you look"; that Lineback had produced TikTok and YouTube videos using photographs of the minor; that Lineback had invited the minor over to his house; and

that Lineback was a "violent" registered sex offender previously convicted of statutory rape and especially aggravated sexual exploitation of a minor, the crimes for which he was being investigated. (ECF No. 27-1 at PageID 54.) In particular, Detective Bruno's reference to Lineback's status as a sex offender, though insufficient in isolation, provides substantial support for probable cause. See Sullivan, 751 F. App'x at 803 (highlighting the defendant's status as a sex offender in finding probable cause); Wagers, 452 F.3d at 541 ("[H]is prior conviction [for possession of child pornography] was relevant; though not dispositive."); LaBelle, 2008 WL 3834120, at *5-6 (explaining that the extensive details about the defendant's "prior criminal history as a sex offender and his collection of pornographic materials" established probable cause). See generally Christian, 925 F.3d at 309 (highlighting the inclusion of defendant's prior drug convictions in the affidavit as supporting probable cause); United States v. Woodall, No. 23-5989, 2024 WL 3221395, at *2 (6th Cir. June 28, 2024) (finding that defendant's past convictions for drug crimes supported good faith); United States v. Woodford, No. 21-cr-20717, 2022 WL 16948819, at *9 (E.D. Mich. Nov. 15, 2022) (explaining that inclusion of the defendant's criminal history supported good faith). The affidavit thus contained more than bare bones conclusory assertions that Lineback possessed child sexual exploitation materials. Cf. Lewis, 81 F.4th at 651 (finding Leon

did not apply because the affidavit lacked a factual basis beyond law enforcement's conclusion that the defendant viewed child pornography).

Moreover, there is at least some nexus between the alleged crimes and Lineback's residence, providing further indicia of probable cause under the Leon analysis. The Sixth Circuit has long recognized that the nature of child pornography crimes supplies the required nexus to search the home because "child pornography crimes are 'generally carried out in the secrecy of the home.'" Kinison, 710 F.3d at 684 (quoting United States v. Paull, 551 F.3d 516, 522 (6th Cir. 2009)); see also United States v. Elbe, 774 F.3d 885, 890 (6th Cir. 2014) ("This inference is permitted in the child pornography context, we have explained, because these crimes are committed in a private place with high-speed internet."); United States v. Lapsins, 570 F.3d 758, 766 (6th Cir. 2009) (citing Wagers for the proposition that the nature of child pornography provides the requisite nexus to the home); Wagers, 452 F.3d at 540 (explaining that the nature of viewing child pornography provides the requisite nexus to the house because the offense "is much more tied to a place of privacy, seclusion, and high-speed Internet connectivity"); United States v. Childers, No. 23-5778, 2024 WL 2105947, at *4 (6th Cir. May 10, 2024) (citing Kinison for the proposition that the nature of child pornography crimes provides the required nexus to the house).

As noted above, the date discrepancy also does not render the information in the affidavit stale. The Sixth Circuit considers four factors in analyzing staleness: (1) the character of the crime; (2) whether the criminal is "nomadic or entrenched"; (3) the items to be seized; and (4) the place to be searched. Abboud, 438 F.3d at 572-73. The Sixth Circuit has consistently found that "child pornography is not a fleeting crime": individuals tend to hold on to their collections for years, thus making it less likely that older information is stale. See, e.g., United States v. Frechette, 583 F.3d 374, 378-79 (6th Cir. 2009) (finding that sixteen-month-old information was not stale); Paull, 551 F.3d at 522-23 (finding that thirteen-month-old information was not stale). Hypothetically speaking, even if the conversation between Detective Bruno and the complainant mother and her son had occurred in January 2022, the information would not have been stale when Bruno applied for the warrant twelve months later in January 2023, see Frechette, 583 F.3d at 378-79; Paull, 551 F.3d at 522-23, nor would it have rendered the warrant bare bones under Leon, see United States v. Pace, No. 19-20822, 2020 WL 7706616, at *4-5 (E.D. Mich. Dec. 29, 2020) (finding that even if evidence of child pornography was stale, the affidavit was not bare bones under Leon); United States v. Fabian, No. 10-20207, 2010 WL 3906701, at *6-7 (E.D. Mich. Sept. 29, 2010)(finding that a warrant was not

bare bones despite it containing stale seventeen-year-old information about possession of child pornography).

The undersigned finds that, while brief, Detective Bruno's affidavit was not so lacking in indicia of probable cause as to be bare bones, and thus satisfies Leon's "low requirement." Christian, 925 F.3d at 313.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the Motion to Suppress be denied.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 29, 2024
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FOREITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**