IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>AUSTIN LINEBACK, )<br>)<br>    Defendant. ) | No. 2:24-cr-20043-JPM-tmp |

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is the Report and Recommendation of Chief United States Magistrate Judge Tu M. Pham, (ECF No. 54), with respect to Defendant Austin Lineback's ("Defendant's") Motion to Suppress, (ECF No. 27). The Magistrate Judge recommends that the Court deny Defendant's Motion. (ECF No. 54 at PageID 147.) Defendant filed a timely objection to the Report and Recommendation on November 6, 2024. (ECF No. 55.) The United States of America (the "Government") filed its Response to the Report and Recommendation and Defendant's Objection on November 12, 2024. (ECF No. 58.)

Upon de novo review, the Court **ADOPTS IN PART** the Report and Recommendation of the Magistrate Judge and **DENIES** Defendant's Motion to Suppress.

I. **BACKGROUND**[1]

The instant Motion and related Report and Recommendation is before the Court in the prosecution of Defendant for alleged possession of child pornography. (ECF No. 2 at PageID 3.)

**A. Findings of Fact**[2]

On January 30, 2023, Detective Tonia Bruno of the Tipton County Sheriff's Office applied for and received a search warrant to search Defendant's residence for evidence of suspected violations of Tennessee Code Annotated §§ 39-17-1003 (sexual exploitation of a minor) and 39-13-528 (solicitation of a minor).[3] (ECF No. 27-1 at PageID 51.) Detective Bruno sought:

> any and all devices capable of creating and/or storing digital media to examine and retrieve such records, books, pictures, text messages, call log (incoming and outgoing), locations, maps, address book, contacts, electronic mail (email), applications (apps) or documents adapted and used for posting, sending, or transmitting data in violation of [those statutes].

(ECF No. 27-1 at PageID 51.)

Detective Bruno submitted the following affidavit to support her belief that probable cause existed:

> On 01/09/2022 at approximately 1400 hrs, Detective Tonia Bruno met with Crystal York and her 17 year old juvenile son [REDACTED] regarding a solicitation and sexual exploitation of a minor complaint. [REDACTED] stated he met an adult male, who identified himself as [REDACTED] while working at Naifeh's in Covington, TN (951 Hwy 51 S) and they exchanged phone numbers. [REDACTED] stated he thought of the adult male as a regular customer and he found his magic interesting and thought he was going to send him photos of deer on his property. [REDACTED] stated the adult male sent him 3 photos of a young woman dressed in short shirts and panty hose with his face super imposed on the body. A quote attached stated, "Now you know how cute you look." [REDACTED] also advised the adult male invited him to his residence to be his partner, and assist

---

[1] This section incorporates the Proposed Findings of Fact from the Magistrate Judge's Report. (ECF No. 54 at PageID 147–52.) Neither Party objected to the factual findings. (ECF No. 55 at PageID 164; ECF No. 58 at PageID 171.) Accordingly, the Court adopts the factual findings absent clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

[2] This subsection comes directly from the Magistrate Judge's Report with some minor edits. (ECF No. 54 at PageID 147–51.)

[3] On several occasions, Detective Bruno referred to the crime of "Sexual Exploitation of a Minor" but incorrectly listed T.C.A. § 39-13-1003, the crime of aggravated burglary. (ECF No. 27-1 at PageID 51–54.)

> with his work, and continue his work if he dies. [REDACTED] also advised the adult also made 2 Tik Toks and 1 YouTube video using photographs of him. Detective Bruno was able to identify the adult male as Austin Eugene Lineback, a violent Sex Offender, Offender ID # 00337330, who was convicted of Statutory Rape and Especially Aggravated Sexual Exploitation of a Minor in September of 2000.

(Id. at PageID 54) (redactions in original.)  Detective Bruno corrected the date on the signature line, crossing out "2022" and writing "2023."  (Id.)  However, the affidavit's reference to "01/09/2022" remained unchanged.  (Id.)

On January 31, 2023, the Tipton County Sheriff's Office executed the warrant, seizing several laptops, cell phones, tablets, cameras, computer equipment, and storage media, along with other physical evidence.  (ECF No. 27-3 at PageID 59; ECF No. 34-3 at PageID 90–93.)  Following the search, Lineback signed an Admonition and Waiver of Rights Form before giving a statement to law enforcement.  (ECF No. 27-2 at PageID 56–57.)

On February 1, 2023, Detective Bruno applied for and received a second warrant to review the contents of the seized electronic materials.  (ECF No. 27-3 at PageID 59–61.)  Detective Bruno included the same recitation of facts from the first affidavit to establish probable cause, but she corrected the date of the conversation with the complainants, crossing out "2022" and writing "2023" so that the date read "01/09/2023."  (Id. at PageID 60.)  Detective Bruno also changed the suspected exploitation offense to § 39-17-1005 (especially aggravated sexual exploitation of a minor).  (Id. at PageID 61.)  In addition, Detective Bruno stated that "[o]n 01/31/2023 at approximately 1053 [hours], Detectives from the Criminal Investigations [Unit] of the Tipton County Sheriff's Office executed a residential search warrant at 908 Walton Loop.  Detectives

3

recovered multiple cellular devices, multiple laptops, and other electronic storage equipment; as well as, hard copies of child sexual abuse material." (Id.)

### B. Procedural History

On March 7, 2024, Defendant was indicted for possessing and attempting to possess material that contained an image of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (ECF No. 2.)

On April 24, 2024, Defendant filed the instant Motion, seeking to suppress all evidence seized pursuant to the search warrants as a violation of his Fourth Amendment rights. (ECF No. 27.) Defendant asserts that the first warrant neither was supported by probable cause nor satisfies the good faith exception announced in United States v. Leon, 468 U.S. 897 (1984).[4] (Id.) The Court referred the Motion to the Magistrate Judge for a report and recommendation the next day. (ECF No. 29.) The Government filed its Response in Opposition on June 4, 2024. (ECF No. 34.) After granting continuances, the Magistrate Judge heard the Parties' arguments on the Motion on September 11, 2024. (ECF No. 45.) At the hearing, Defendant clarified that he was only challenging the probable cause for the first warrant. Thus, Defendant argues the subsequent statement and evidence seized under the second warrant should also be excluded as fruit of the poisonous tree. (ECF No. 54 at PageID 151 n.3.)

Following the hearing, the Magistrate Judge ordered the Parties to file supplemental briefing regarding the date of the conversation between Detective Bruno and the complainants. (ECF No. 51.)[5] Defendant submitted his supplemental brief on October 18, 2024, arguing that the

---

[4] At the September 11, 2024, motion hearing, Defendant clarified that he was challenging probable cause for only the first warrant, and that the evidence seized under the second warrant as well as his statement should be excluded as fruit of the poisonous tree. (ECF No. 45); see Wong Sun v. United States, 371 U.S. 471 (1963).
[5] The date listed in the first affidavit—"01/09/2022"—was over a year before Detective Bruno presented the application for the first search warrant to the judicial officer. (ECF No. 27-1 at PageID 51, 54.)

information contained within the first affidavit was stale. (ECF No. 52.) The Government responded in opposition on October 24, 2024, arguing that the initial date was a drafting mistake, and regardless, the information was not stale under Sixth Circuit precedent. (ECF No. 53.)

The Magistrate Judge filed a Report and Recommendation, which recommended that Defendant's Motion be denied, on October 29, 2024. (ECF No. 54.) The Court heard the Parties' arguments as to the Motion and the Report and Recommendation during the Final Report Date on November 8, 2024. (ECF No. 57.) The Court ordered the Government to file its Response to Defendant's Objection to the Report and Recommendation by November 13, 2024. (Id.) The Court also ordered the Government to submit under seal for the Court's review the photographs referenced and relied upon in the first affidavit for the first search warrant. (Id.) On November 12, 2024, the Government submitted its Response to the Report and Recommendation and Defendant's Objection under seal with the three photographs attached as exhibits. (ECF No. 58.) Defendant did not submit a reply.

A jury trial is currently set for January 6, 2025. (ECF No. 57.)

## II.     LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.

When a timely objection is filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed

are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless").

### III.  ANALYSIS

The Magistrate Judge's recommended finding is that Detective Bruno's affidavit did not show sufficient probable cause for the first search warrant connected to the suspected offenses. (ECF No. 54 at PageID 157.)  The Magistrate Judge also recommends, however, that the "brief" affidavit satisfied the Leon good faith exception, thus making exclusion of the evidence recovered in connection to the first and subsequent search warrants inappropriate. (Id. at PageID 163.)

Neither Party objects to the Magistrate Judge's finding that the date on the first affidavit was "an editing oversight" and not grounds for the subsequent warrant's staleness. (See ECF No. 54 at PageID 158 n.6.)  Accordingly, finding no clear error, the Court accepts that recommendation. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition; Howard, 932 F.2d at 509.

The Government objects to the Magistrate Judge's proposed finding on the lack of probable cause for the first search warrant. (ECF No. 58 at PageID 170.)  Defendant objects to the Magistrate Judge's proposed finding on the satisfaction of the Leon good faith exception. (ECF No. 55 at PageID 164.) Accordingly, the Court reviews both de novo. See Fed. R. Civ. P. 72(b)(3). Given Defendant's clarified challenge to the first warrant, the Court's review focuses on the first affidavit (the "Affidavit") and the affiliated search warrant. (See ECF No. 54 at PageID 151 n.3.)

6

### A. Probable Cause

Under the Fourth Amendment, "no Warrants shall issue, but *upon probable cause*, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV (emphasis added). Upon review, the Court must "look to the totality of the circumstances" to determine if probable cause for the warrant has been shown. See United States v. Kinison, 710 F.3d 678, 682 (6th Cir. 2013) (quoting Florida v. Harris, 568 U.S. 237, 244 (2013)).

"To establish probable cause for a search warrant, 'an affidavit must contain facts that indicate a fair probability that evidence of a crime will be located on the premises of the proposed search.'" United States v. Lewis, 81 F.4th 640, 646 (6th Cir. 2023) (quoting United States v. Abboud, 438 F.3d 554, 572 (6th Cir. 2006)). Review is limited "to the four corners of the affidavit." Id. When reviewing the probable cause determination of the magistrate who issued the search warrant, "line-by-line scrutiny of an underlying affidavit is inappropriate." United States v. Allen, 211 F.3d 970, 973 (6th Cir. 2000) (en banc) (quoting Illinois v. Gates, 462 U.S. 213, 246 n.14 (1983)) (cleaned up). The affidavit is rather "judged on the adequacy of what it does contain, not on what it lacks." Id. at 975.

Defendant argues that each individual fact in the Affidavit is insufficient to show probable cause, and thus the entire Affidavit fails to show probable cause. (ECF No. 27 at PageID 46.) However, the Court must consider the importance of each fact based on the totality of the circumstances, not a line-by-line scrutiny. See Kinison, 710 F.3d at 682; Allen, 211 F.3d at 973.

The Affidavit relies in part on Defendant's status as a registered violent sex offender. (See ECF No. 27-1 at PageID 54.) Defendant's status as a sex offender is relevant in probable cause review. See United States v. Sullivan, 751 F. App'x 799, 803 (6th Cir. 2018) (concluding that the

affidavit supported probable cause in part where the defendant was a convicted sex offender); United States v. Wagers, 452 F.3d 534, 541 (6th Cir. 2006) (explaining that the defendant's earlier conviction for child pornography was relevant in the probable cause determination); United States v. LaBelle, No. 07-CR-20608, 2008 WL 3834120, at *5–6 (E.D. Mich. Aug. 13, 2008) (finding that the defendant's prior criminal history as a sex offender supported probable cause).  A sex offender status without actions connected to the suspected offenses, however, does not support probable cause.  See United States v. Walling, No. 1:16-cr-250, 2017 WL 1313898, at *5 (W.D. Mich. April 10, 2017) (explaining that reference to the defendant's "prior convictions for criminal sexual conduct and possession of child sexually abusive materials" in conjunction with his "demonstrated sexual interest in children," without more, was insufficient to support probable cause).

Contrary to the Report and Recommendation, the Court finds that the Affidavit's description of the three manipulated photographs does support probable cause for the search warrant of Defendant's residence.  Manipulating multiple photographs of scantily clad young women to include the face of a minor boy, then sending them to the minor with the statement, "Now you know how cute you look," raises suspicion regarding Defendant's possible sexual exploitation or solicitation of a minor.  When considered in isolation, there may be alternative explanations for this concerning conduct.  When considered with the totality of the facts in the Affidavit, however, it suggests probable cause for the suspected child exploitation and solicitation offenses.  Given the context, the minor, his parent, and Detective Bruno reasonably interpreted the photos as a means "to encourage some sort of sexual provocation."   (ECF No. 58 at PageID 175.)

Detective Bruno met with the minor and his mother after they filed a complaint of Defendant's sexual exploitation and solicitation of the minor.  That complaint, in addition to the

8

manipulated images, gives important context when considering the other statements in the albeit short Affidavit. In that context, the otherwise vague description of the three videos contributes to the probable cause that Defendant possessed child pornography on his other devices in violation of T.C.A. §§ 39-17-1003 and 39-17-1005. In that context, Defendant's invitation for the minor to come to his house contributes to probable cause for a violation of T.C.A. § 39-13-528.

Based on the totality of the circumstances, looking only within the Affidavit's four corners, the Court finds there was probable cause for the first search warrant of the devices in Defendant's residence for the suspected child exploitation and solicitation offenses. Accordingly, the Report and Recommendation is **REJECTED IN PART** as it relates to probable cause for the first search warrant.

### B. Leon Good Faith Exception

Even though the Court has found probable cause, it is still appropriate for the Court to review the Magistrate Judge's proposed findings on the Leon good faith exception in order to complete the record.

While evidence obtained in violation of the Fourth Amendment is generally excluded, the Supreme Court has recognized a "good faith" exception. See Leon, 468 U.S. at 905. Exclusion is not appropriate where "evidence [is] seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." Id. In light of Leon, courts reviewing a motion to suppress for lack of probable cause must determine "whether a reasonably well[-]trained officer would have known that the search was illegal despite the magistrate's decision." United States v. White, 874 F.3d 490, 496 (6th Cir. 2017) (internal citations omitted). Under Leon, there are four scenarios in which law enforcement lacks reasonable grounds to believe a warrant is valid, including where "the affidavit was nothing more than a 'bare bones' affidavit that did not provide

9

the magistrate with a substantial basis for determining the existence of probable cause, or where the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Lewis, 81 F.4th at 647.

The Parties agree that the focus of the Leon analysis here is the "bare bones" affidavit question. (ECF No. 54 at PageID 158.) A bare bones affidavit "merely 'states suspicions, or conclusions, without providing factual circumstances regarding veracity, reliability, and basis of knowledge.'" United States v. Christian, 925 F.3d 305, 312 (quoting United States v. Washington, 163 F.3d 236, 341 n.4 (6th Cir. 2004)). Surpassing the bare bones standard is a "low requirement," and "[a]n affidavit need only present '*some* connection, regardless of how remote it may have been.'" Id. at 313 (quoting White, 874 F.3d at 497) (emphasis in original).

For the same reasons the Court finds that the Affidavit passes the probable cause standard, the Court finds that the Affidavit passes the bare bones standard. See supra Part III.A. Namely, the Affidavit did present "some connection" between the factual circumstances and the suspected criminal activity for which Detective Bruno sought the search warrant. See supra Part III.A; Christian, 925 F.3d at 312, 313.

In sum, Defendant has failed to prove the evidence in the case must be suppressed. Accordingly, as recommended by the Magistrate Judge, Defendant's Motion is **DENIED**.

10

## IV.  CONCLUSION

Upon de novo review, the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation.  The Court finds that there was probable cause to support the first search warrant and that the warrant also meets the lower good-faith standard in Leon.  Accordingly, Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED**, this 20th day of December, 2024.

*/s/ Jon P. McCalla*
JON P. McCALLA
UNITED STATES DISTRICT JUDGE