IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

        Plaintiff,

VS.                                      Criminal No. 24-cr-20043-JPM

AUSTIN LINEBACK,

        Defendant.

---

**UNITED STATES' NOTICE OF INTENT TO OFFER EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 404(b) AND 414**

---

The United States of America notifies the defendant of its intent to use the following evidence at trial in its case-in-chief, pursuant to Rules 404(b) and 414 of the Federal Rules of Evidence.

    I.    Legal Authority

        A.  Rule 404(b)

Under Rule 404(b) of the Federal Rules of Evidence, evidence of a defendant's other crimes, wrongs, or acts may be admissible at trial for purposes other than proving the defendant's character "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." "Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue," and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. Adams*, 722 F. 3d 788, 810 (6th Cir. 2003)

1

(internal citations omitted).

Before admitting evidence under Rule 404(b), the Court should conduct a balancing test of the evidence's probative value against its prejudicial effect under Fed. R. Evid. 403. Rule 403 of the Federal Rules of Evidence, states that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 404(b) only limits the admissibility of *extrinsic* evidence, that is, evidence of other crimes or wrongs that "occurred at different times and under different circumstances from the offense charged." *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995). Rule 404(b) is not implicated when the other crimes or wrongs are part of a single criminal episode, part of a continuing pattern of illegal activity, or are otherwise considered *intrinsic* evidence. *Id*. The 1991 Advisory Committee note to Rule 404(b) makes clear that "[t]he amendment does not extend to evidence of acts which are 'intrinsic' to the charged offense." *Id*., Fed. R. Evid. 404(b) Advisory Notes, 1991 Amendment. Thus, evidence that has "a causal, temporal or spatial connection with the charged offense" is intrinsic evidence. *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) (internal citations omitted) "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id*. (internal citation omitted).

The purpose of intrinsic or background evidence "is to put the charges in the appropriate context. It would be exceedingly difficult for witnesses to relay a story without referencing

2

preceding or contemporaneous acts that are incidental but necessary to telling a cogent story, as it relates to the charges the defendant is facing. Thus, defendants are not entitled to a 'sanitized' recounting of the facts, and prosecutors are not restricted to proving only discrete elements of a crime in such way that they would be unable to offer the jury a natural narrative of events." *United States v. Gibbs*, 797 F.3d 416, 424 (6th Cir. 2015) (internal citations omitted). In other words, intrinsic evidence is directly relevant to the charged offenses.

The prosecution must "provide reasonable notice of the general nature of any such [extrinsic] evidence" that the United States intends to offer at trial. Fed. R. Evid. 404(b)(2)(A). The prosecution has no duty to disclose intrinsic evidence of other crimes or wrongs. *Barnes*, 49 F.3d at 1149.

### B. Rule 414

Section (a) of Federal Rule of Evidence 414 provides that, in a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other act of child molestation. "Child molestation" is defined as a crime under federal or state law involving:

> any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child; any conduct prohibited by 18 U.S.C. chapter 110; contact between any part of the defendant's body—or an object—and a child's genitals or anus; contact between the defendant's genitals or anus and any part of a child's body; deriving sexual pleasure or gratification from inflicting …bodily injury or physical pain on a child; or an attempt or conspiracy to engage in [such] conduct.

Fed. R. Evid. 414(d). "Child" means a person under the age of fourteen. *Id*. Chapter 110 includes, in pertinent part, production and possession of child pornography.

3

Rule 414 allows the introduction of child molestation evidence for any relevant purpose, including to prove the propensity of the defendant. The court "must give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *United States v. LaVictor*, 848 F.3d 428, 449 (6th Cir. 2007).

The prosecution must disclose its intent to offer Rule 414 evidence, "including witnesses' statements or a summary of the expected testimony," at least 15 days before trial. Fed. R. Evid. 414(b).

II.     Austin Lineback's Other Crimes and Bad Acts

A.  Prior Child Sexual Exploitation Convictions

1. Anticipated Evidence

On August 14, 2001, Austin Lineback entered guilty pleas as to violations of two counts of 18 U.S.C. § 2252(a)(4)(B) and one count of 18 U.S.C. § 2251(a). The United States will enter the indictment and judgement from this case.

2. Basis for Admission

The evidence of Lineback's prior convictions is propensity evidence, evidence of Lineback's motive, preparation and plan, and lack of mistake in possessing the child pornography at issue in this case. This evidence is admissible under Rules 404(b) and 414. All three of the charges Lineback pled guilty to are violations of 18 U.S.C. chapter 110, sexual exploitation of children. Thus, the convictions are admissible for any relevant purpose, including propensity.

3. Balancing Test

The evidence has high probative value that tends to make more likely several facts that are material to the government's case. The government acknowledges the prejudicial nature of

4

the evidence but asserts that that prejudice is not unfair. Possession of child pornography is identical to the conduct in this case, and the danger of unfair prejudice is slight. The Sixth Circuit has found evidence of child molestations unfairly prejudicial where the evidence of prior acts is "more lurid and frankly more interesting that the evidence surrounding the actual charges and there is a danger the jury would pay undue attention to proof of the prior acts." *United States v. Hough*, 385 F. App'x 535, 537 (6th Cir. 2010). That is not the case here, where the prior acts are identical to the acts underlying the charged offense. Instead, when the evidence is "essentially the same (admittedly outrageous) abuse," introduction of such evidence does not "alter the tone and tenor of the trial" and is not unfairly prejudicial. *United States v. Mandoka*, 869 F.3d 448, 456 (6th Cir. 2017). Additionally, the government intends to offer the evidence in court documents, which will be less prejudicial than would victim or witness testimony as to the offenses. Because the case is clearly separated by decades from the current offense, the evidence presents no danger of confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. Giving this evidence its maximum reasonable probative force and its minimum reasonable prejudicial value weighs in favor of its admission.

### B. Circumstances Surrounding Lineback's Arrest

#### 1. Anticipated Evidence

In January 2023, Lineback went to the grocery store where a 17-year-old child worked and befriended him. Lineback exchanged phone numbers with the child and took a picture of him at the grocery store. Lineback then sent the child text messages that included manipulated photos of the child dressed in sexual clothing with messages including "Now you know how cute you look."

5

2. Basis for Admission

This evidence is admissible as intrinsic evidence that is an integral part of how law enforcement became involved in the case and puts the charges in the appropriate context. It is also admissible pursuant to Rule 404(b) to show Lineback's motive and lack of mistake for his possession of child sexual abuse material in this case.

3. Balancing Test

This evidence is highly probative of issues of motive and lack of mistake. The folder that contained the known child sexual abuse material in this case was titled "Nude Boys" and included many photos of other age-indeterminate males in sexual poses. The evidence presents no danger of confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. It is also admissible as inextricably intertwined intrinsic evidence of the case.

C. Lineback's Religious Theories

1. Anticipated Evidence

Lineback maintained YouTube and Wix websites where he prophesized about his magical abilities and appealed to teenaged boys. He kept hundreds of printed manipulated photos of children in pantyhose and suggestive poses. Additionally, he had printed out consent forms for religious sexual activities for children.

2. Basis for Admission

The religious theories should be admissible as intrinsic evidence of the case. Law enforcement was made aware of the websites by the child who initially reported Lineback's conduct in this case. Additionally, they found evidence of Lineback's religious theories as they executed the search warrant in Lineback's home. The evidence is also admissible pursuant to

Rule 404(b) and Rule 414 to show motive, plan and preparation, lack of mistake, as well as Lineback's attempts to sexually exploit children.

3. Balancing Test

The evidence has high probative value. The government acknowledges the prejudicial nature of the evidence but asserts that that prejudice is not unfair. The evidence in this case is that Lineback possessed two known photos of child sexual abuse material. Evidence of his religious theories and attempted possession of child pornography and attempted child sexual exploitation explains the possession of the known material in this case. The evidence presents no danger of confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. It is also admissible as inextricably intertwined intrinsic evidence of the case.

CONCLUSION

WHEREFORE, the United States asks the Court to make a pretrial determination on the admissibility of the proffered evidence and under which theory it may be admitted.

Respectfully submitted,

REAGAN TAYLOR FONDREN
Acting United States Attorney

By:   /s/ Lynn Crum
LYNN CRUM
Assistant United States Attorney
167 N. Main St., Suite 800
Memphis, TN 38103
Telephone: (901) 544-4231

## CERTIFICATE OF SERVICE

I, Lynn Crum, Assistant United States Attorney, do hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic filing system, and via email to the attorneys for the defendant.

This 22nd day of December, 2024.

                                                  /s/   Lynn Crum
                                              Assistant United States Attorney